UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BARRON,<br><br>   Plaintiff,<br><br>  v.<br><br>DOOLIN, et al.,<br><br>   Defendants. | No. 2:19-cv-0418 MCE CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The court has conducted the required screening and finds that plaintiff may proceed on claims arising under the Fourteenth Amendment for denial of medical care against defendants Doolin and Escobar. With respect to the other defendants identified in plaintiff's complaint, i.e. the Solano County Jail, the City of Fairfield and the California Forensic Medical Group, plaintiff fails to state a claim upon which relief can be granted.

At this point, plaintiff has two options: 1) he may proceed on his claims arising under the Fourteenth Amendment against defendants Doolin and Escobar; or 2) attempt to cure the deficiencies with respect to his claims against the other defendants. If plaintiff elects to amend the court cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In deciding whether to file an amended complaint, plaintiff should consider the following:

1. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. Section 1983 does not recognize respondeat superior liability. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). Accordingly, a supervisor may not be held liable merely because a subordinate violated the plaintiff's constitutional rights. Id.

3. In Monell, the Supreme Court found that municipalities may be sued for damages under 42 U.S.C.§ 1983. However, municipal liability cannot be "premised on the mere fact that

the municipality employed the offending official." City of Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985). Instead, municipal liability can only be imposed for "injuries inflicted pursuant to a 'policy or custom.'" Id. quoting Monell, 436 U.S. at 695.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on claims arising under the Fourteenth Amendment against defendants Doolin and Escobar or whether he wishes to file an amended complaint in an attempt to cure the deficiencies in his complaint. If plaintiff does not return the form, this action will proceed against Doolin and Escobar and the court will recommend that the other defendants be dismissed.

Dated: March 27, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
barr0418.op

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BARRON,<br><br>          Plaintiff,<br><br>   v.<br><br>DOOLIN, et al.,<br><br>          Defendants. | No. 2:19-cv-0418 MCE CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on claims arising under the Fourteenth Amendment against defendants Doolin and Escobar; or

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                    _____
                                                    Plaintiff